**In the Interest of D.E.S., A.L.G., C.W.M.G., II, and M.P.G., Children.**

No. 14–03–00724–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 29, 2004.

Pamela Green, Houston, TX, for appellants.

Patricia L. Flenniken, Miriam J. Risking and Sandra D. Hachem, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

## OPINION

KEM THOMPSON FROST, Justice.

In this accelerated appeal, we must decide if the briefing requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), are appropriate and applicable in an appeal from an order ter-

minating parental rights and, if so, whether the brief in this case meets those requirements. We answer both questions affirmatively and affirm the trial court's judgment.

## I. Background

Appellant Pamela Lervorne Verdun a/k/a Pamela Verdon Green challenges the trial court's order terminating her parental rights to her minor children, A.L.G., C.W.M.G., II, and M.P.G.[1] Appellant filed a *pro se* notice of appeal. Her appointed counsel filed an appellate brief in which he concludes the appeal is wholly frivolous and without merit. Counsel's brief presents a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Appellant's counsel also filed a motion to withdraw his representation of appellant.

## II. Applicability of *Anders* to Parental Termination Appeals

This appears to be the first occasion for this court to consider the applicability of the principles set forth in the landmark case of *Anders v. California,* to an appeal of an order terminating parental rights. In *Anders,* the United States Supreme Court held that allowing court-appointed counsel to conclude an appeal had no merit and withdraw from a criminal case by submitting a no-merit letter without more explanation did not comport with fair procedure required by the Fourteenth Amendment. *Anders,* 386 U.S. at 741–44, 87 S.Ct. at 1398–1400. In reaching this holding, the *Anders* court balanced the duty of an appointed attorney in a criminal case to represent the client zealously against the attorney's obligation not to bring a frivolous appeal; the Supreme Court concluded that an attorney subject to those conflicting duties may file a brief demonstrating that there are no non-frivolous points to urge on appeal. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. As a threshold matter, we must decide if these principles apply in the appeal of an order terminating parental rights.

Courts throughout the country have been confronting this issue. Though neither the Texas Supreme Court nor this court has considered the matter, several of our sister courts of appeals have concluded that a brief complying with *Anders* is appropriate in an appeal from the termination of parental rights. *See In re K.D.,* 127 S.W.3d 66, 67 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Porter v. Tex. Dep't of Protective & Regulatory Servs.,* 105 S.W.3d 52, 56 (Tex.App.-Corpus Christi 2003, no pet.); *In re K.M.,* 98 S.W.3d 774, 776 (Tex.App.-Fort Worth 2003, order); *Prewitt v. Tex. Dep't of Protective & Regulatory Servs.,* No. 03–01–00648–CV, 2002 WL 31426200 (Tex.App.-Austin, Oct.31, 2002, no pet.) (not designated for publication); *In re E.L.Y.,* 69 S.W.3d 838, 841 (Tex.App.-Waco 2002, no pet.); *In re AWT,* 61 S.W.3d 87, 88 (Tex.App.-Amarillo

---

1. In the termination order, the Department of Protective and Regulatory Services was appointed managing conservator of appellant's child, D.E.S., and appellant was appointed possessory conservator. Appellant did not challenge that part of the judgment in her points on appeal filed with her motion for new trial. *See* Tex. Fam.Code Ann. § 263.405(b) (Vernon 2002) (requiring party intending to appeal such an order to file statement of points on appeal within 15 days after order is signed). In addition, appellant's rights to her child, L.G.V., were terminated in a separate suit, and that appeal was assigned to the Court of Appeals for the First District of Texas. On February 12, 2004, the decree terminating appellant's rights to L.G.V. was affirmed. *See In re L.G.V. a/k/a L.G., a child,* No. 01–03–00591–CV, 2004 WL 253312 (Tex. App.-Houston [1st Dist.] February 12, 2004, no pet. h.) (mem.op.) (holding no arguable grounds for appeal were present).

2001, no pet.); *In re K.S.M.*, 61 S.W.3d 632, 634 (Tex.App.-Tyler 2001, no pet.). Courts in Alabama,[2] Illinois,[3] Ohio,[4] Pennsylvania,[5] South Dakota,[6] Utah,[7] and Wisconsin[8] have reached the same conclusion and have extended the *Anders* principles to parental-rights termination cases.

Courts in many other states, however, have evaluated the issue from a different perspective and have reached the opposite conclusion. These courts have expressly declined to extend *Anders* to parental-rights termination cases. *See, e.g., Denise H. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 257, 972 P.2d 241, 243 (App.1998); *In re Sade C.*, 13 Cal.4th 952, 55 Cal.Rptr.2d 771, 920 P.2d 716, 733 (1996); *N.S.H. v. Fla. Dep't of Children and Family Servs.*, 843 So.2d 898, 903 (Fla.2003), *cert. denied,* ── U.S. ──, 124 S.Ct. 388, 157 L.Ed.2d 282 (2003); *In re Harrison*, 136 N.C.App. 831, 526 S.E.2d 502, 503 (2000); *In re Hall*, 99 Wash.2d 842, 664 P.2d 1245, 1248 (1983). At least one state's high court has refused to resolve the issue and has invited the state's Attorney General to submit a brief on the applicability of *Anders* to these types of cases. *See In re William P.*, 765 A.2d 76, 78 n. 1 (Me.2001).

Courts have not adopted a uniform approach in analyzing this issue. Many courts cite a fundamental difference between criminal defendants and parties to a parental-rights termination proceeding,

and at least one has used this difference to justify the opposite result. *Compare Denise H.*, 972 P.2d at 243–44 (refusing to extend *Anders* because a parent whose rights are terminated is not treated the same as a criminal defendant, citing the difference in burdens of proof); *In re Sade C.*, 55 Cal.Rptr.2d at 778–89, 920 P.2d at 733–34 (stating *Anders's* "prophylactic" procedures are limited to representation of criminal defendants); *N.S.H.*, 843 So.2d at 901–02 (distinguishing parental-termination proceedings because they do not involve risk of loss of physical liberty, records are often extensive, and *Anders* procedure could cause delay); *In re Harrison*, 526 S.E.2d at 503 (agreeing with Arizona court's rationale in *Denise H.*); *and In re Hall*, 664 P.2d at 1247–48 (concluding counsel should not be allowed to withdraw in child-deprivation proceeding without client consent because, unlike criminal defendant, parent may be incompetent and unable to raise potentially meritorious issues) *with In re V.E. and J.E.*, 417 Pa.Super. 68, 611 A.2d 1267, 1275 (1992) (extending *Anders* and stating that zealous advocacy is of particular importance in an involuntary termination proceeding because the parent, unlike a criminal defendant, is never entitled to a jury in Pennsylvania and can be deprived of a substantial right under an ambiguous standard of proof). Other courts, including some Texas courts of appeals, have

---

**2.** *See J.K. v. Lee County,* 668 So.2d 813, 816 (Ala.Civ.App.1995) (extending *Anders* to civil cases, but limiting use to those civil cases in which indigent client has court-appointed attorney by statute).

**3.** *See In re Keller,* 138 Ill.App.3d 746, 93 Ill. Dec. 190, 486 N.E.2d 291, 292 (1985).

**4.** *See Morris v. Lucas Co. Children Servs.,* 49 Ohio App.3d 86, 550 N.E.2d 980, 981 (1989).

**5.** *See In re V.E. and J.E.,* 417 Pa.Super. 68, 611 A.2d 1267, 1275 (1992).

**6.** *See People ex rel. S.D. Dep't of Social Servs.,* 678 N.W.2d 594, 598 (S.D.2004) (per curiam).

**7.** *See L.C. v. State,* 963 P.2d 761, 764 (Utah Ct.App.1998).

**8.** *See In re J.R.W.,* No. 88–0805–NM, 149 Wis.2d 399, 439 N.W.2d 644, 1989 WL 41413, *1 (Wis.Ct.App. Feb.8, 1989) (not designated for publication).

found no distinction between the duties owed by court-appointed counsel in a parental-rights termination proceeding and those owed in a criminal proceeding. *See, e.g., In re K.D.,* 127 S.W.3d at 67; *In re K.S.M.,* 61 S.W.3d 632, 634 (Tex.App.-Tyler 2001, no pet.); *In re AWT,* 61 S.W.3d at 88; *L.C. v. State,* 963 P.2d 761, 763–64 (Utah Ct.App.1998).

Although the Texas Supreme Court has not addressed the applicability of *Anders* to parental-termination appeals, its holdings in two recent cases are instructive. Last year, the Texas Supreme Court held that a Statutory right to effective assistance of counsel exists in parental-rights termination cases. *See In re M.S., E.S., D.S., S.S., N.S.,* 115 S.W.3d 534, 544 (Tex. 2003). In doing so, our high court extended the *Strickland* test [9] used in the criminal context to civil parental-rights termination proceedings. *Id.* at 545. The procedure prescribed by the United States Supreme Court in *Anders* derives from the Sixth Amendment right to counsel. *See Anders,* 386 U.S. at 742, 87 S.Ct. at 1399. Therefore, it seems logical to conclude that the Texas Supreme Court would allow the filing of an *Anders* brief derived from this right in the parental-rights termination context.

Moreover, the Texas Supreme Court has extended *Anders* to juvenile-delinquency proceedings based, in part, on the quasi-criminal nature of the proceedings. *See In re D.A.S.,* 973 S.W.2d 296, 299 (Tex.1998). Although it has not yet considered application of *Anders* procedures to parental-rights termination appeals, it has recognized that the state's interest in protecting the best interests of children through judi-

cial economy, certainty, and finality are not outweighed by a parent's fundamental liberty interest in the care, custody, and control of his or her children. *In re B.L.D.,* 113 S.W.3d 340, 354 (Tex.2003) (holding due process does not mandate that appellate courts review unpreserved complaints of charge error in parental rights termination), *cert. denied sub nom. Dossey v. Tex. Dep't of Protective and Regulatory Servs.,* —— U.S. ——, 124 S.Ct. 1674, 158 L.Ed.2d 371 (2004). This balancing of state interests is manifested in legislative procedures that minimize the risk of erroneous deprivation of parental rights. *Id.*

In applying the *Anders* procedures to a parental-rights termination appeal, the Amarillo court of appeals reasoned that "[t]he rationale underlying *Anders* is no less applicable to a civil matter in which counsel has been appointed to represent the appellant" because of the attorney's need to balance zealous representation of the client against the prohibition against prosecuting a meritless appeal. *In re AWT,* 61 S.W.3d at 88. We agree with this analysis. Accordingly, we hold that the procedures set forth in *Anders* are applicable to an appeal of the termination of parental rights when an appointed attorney concludes that there are no non-frivolous issues to assert on appeal.

In this case, a copy of counsel's brief was delivered to appellant. Appellant was advised of her right to examine the appellate record and file a *pro se* response. *See Stafford v. State,* 813 S.W.2d 503, 510 (Tex. Crim.App.1991); *In re K.D.,* 127 S.W.3d at 67. More than sixty days have elapsed,

---

**9.** *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (setting forth the two-prong test for ineffective assistance of counsel claims in criminal proceedings: (1) trial counsel's representation fell below an objective standard of reasonable- ness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance).

and as of this date, no *pro se* response or motion requesting additional time has been filed.

We have reviewed the record and counsel's appellate brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. A discussion of the appellate brief would add nothing to the jurisprudence of the state.

### III. CONCLUSION

The briefing requirements of *Anders* are appropriate and applicable in an appeal from an order terminating parental rights. The appellate brief filed by appointed counsel meets those requirements by demonstrating that the appeal has no meritorious points. Having concluded the appeal is frivolous and that the requirements of *Anders* have been satisfied, we grant counsel's motion to withdraw, and affirm the trial court's judgment.