TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00213-CV






Michelle Higgins, Appellant


v.


Texas Department of Family and Protective Services, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-04-0150-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 This is an appeal from a decree terminating appellant Michelle Higgins's parental
rights to her sons, C.T.H., C.L.H., and J.A.H. At the time of trial in March 2005, C.T.H. was eleven,
C.L.H. was ten, and J.A.H. was eight. The parental rights of their father, Charles Higgins, were also
terminated. The Texas Department of Family and Protective Services took custody of the children
most recently in August 2004 after C.L.H. was badly burned while in his father's care.

 The Department has been involved with the family since March 1997, and over the
years the children were removed and placed in foster care several times because of abuse or neglect. 
The Department received numerous reports of violence between the parents and abuse of the children
by Charles Higgins. In 1999, Mr. Higgins was convicted of injury to a child after he threw a boot
at C.L.H., striking him in the face, and in 2004, he was again convicted of injury to a child after he
struck C.L.H. in the forehead with a thrown coffee cup. Mr. Higgins was placed on probation, one
term of which forbade him from having contact with C.L.H. 

 Appellant broke off all contact with the boys and the Department between April and
June 2004 due to daily cocaine and methamphetamine use. Shortly after her return, the Department
learned that during a fight with appellant, her boyfriend had cut himself with a knife in front of the
children. At another time, he held a BB gun to the children's heads and said, "I will kill you if you
don't do what [you're] told." The Department discovered that appellant, her boyfriend, and the
children were living in a very small one-bedroom apartment and only had enough money to pay for
the residence for one week. Despite Mr. Higgins's being barred from being near C.L.H., appellant
continued to allow him access to the children and in late July 2004 left them with him for a weekend
visit during which C.L.H. fell into a fire pit, suffering serious burns on his arm.

 Appellant was ordered to undergo a psychological exam and a drug assessment, attend
counseling sessions, and successfully complete parenting classes and a substance abuse program. 
The trial court found that, due to the aggravated circumstances leading to the children's removal, the
Department was not required to provide a service plan or to make reasonable efforts to reunite the
family. See Tex. Fam. Code Ann. § 262.2015 (West 2002) (aggravated circumstances may excuse
service plan and reunification efforts). Appellant attended six parenting classes and one substance
abuse session, but did not regularly attend weekly drug counseling sessions or show that she had
attended Alcoholics or Narcotics Anonymous meetings. The Department reported that appellant had
not made progress towards addressing the reasons for the children's removal, had not participated
in or completed recommended services, and said she could not support the children.

 Following a bench trial, the trial court signed a decree terminating appellant's parental
rights, finding that she had placed the children in unsafe conditions or with people who engaged in
conduct that endangered the children, used controlled substances so as to endanger the children, and
failed to complete a court-order drug treatment program. See Tex. Fam. Code Ann. § 161.001(1)(P)
(West 2002). The trial court further found that termination was in the children's best interest.

 Appellant's appointed counsel has filed a brief stating that, after a thorough review
of the record, he believes this appeal is frivolous. (1) The brief presents a thorough and professional
evaluation of the record discussing and demonstrating why there are no arguable grounds for
reversal. A copy of the brief was delivered to appellant, who has neither sought other counsel nor
filed a pro se brief. The Department filed its own brief agreeing that the appeal is frivolous and
explaining why it believes there are no arguable grounds for reversal.

 We have conducted our own review of the record and we agree that the appeal is
frivolous. We therefore affirm the trial court's judgment. We grant counsel's motion to withdraw
as attorney of record.

 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: August 31, 2005
1. This and other Texas courts have held that it is appropriate in a parental termination case
to file a brief asserting that the appeal is frivolous. See, e.g., Matthews v. Texas Dep't of Protective
& Regulatory Servs., No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Austin Feb. 17,
2005, no pet.) (memo. op.); In re D.E.S., 135 S.W.3d 326, 329 (Tex. App.--Houston [14th Dist.]
2004, no pet.); In re K.D., 127 S.W.3d 66, 67 (Tex. App.--Houston [1st Dist.] 2003, no pet.).