# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00807-CV

**George Martinez, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT NO. C-04-0030-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This is an appeal from a decree terminating appellant George Martinez's parental rights to his children, G.T. and G.O. At the time of trial in November 2005, G.T. was five and G.O. was three.[1] The parental rights of their mother were also terminated. The Texas Department of Family and Protective Services sought conservatorship over the children and their four half-brothers and sister in May 2004. The Department had been involved with the family between December 2003 and May 2004 because the mother had a substance abuse problem and was not providing a stable environment for the children. The Department provided the mother with various services, but continued to receive referrals alleging neglectful supervision, physical and medical neglect, and physical abuse. The Department also learned that the children had missed several days of school and

---

[1] Martinez did not attend trial, but phoned the court to testify by telephone. He was on his way to San Angelo from Wisconsin by bus, but said he had not been able to make it in time for trial because he had been ill and could not afford to travel.

had been living in a motel room with one adult. The Department removed G.T. and G.O. from their mother in March 2004 and placed them with Martinez, and it continued to approve that placement when it filed its original petition in May to remove the children from their mother's care. The Department developed a service plan under which Martinez was not to allow the children to have unsupervised visitation with their mother, but in July an unidentified woman brought G.T. and G.O. to the Department, saying their mother had left them with her and had not returned a day later. The children were filthy, and the Department learned that Martinez had allowed the mother to take the children, "and then she subsequently left them with someone, who was another CPS client and had her children removed from her care as well." Martinez admitted that he allowed the children to go with their mother for two hours and said that when they did not return as promised, he searched for the children but did not call the police or the Department. Martinez knew the children were not supposed to be left alone with their mother and that she abused drugs.

The Department removed the children from Martinez's care and placed them in foster care. Martinez, who moved to San Angelo from Wisconsin for a time during the pendency of the case, moved back to Wisconsin after the children were removed, and it has been difficult for the Department to reach him. Among other requirements, Martinez was ordered to undergo a psychological evaluation and a drug and alcohol assessment, complete parenting classes, participate in individual counseling, provide medical and dental care for the children during his possession of them, and have the children assessed by Early Childhood Intervention or enrolled in Headstart. Martinez completed the psychological evaluation and told the Department that he took a parenting class in Wisconsin, but he did not provide the Department with a certificate of completion from that class. Martinez brought the children to a doctor while they were in his care, but G.T. required

"extensive dental work" after the children were removed from Martinez. A Department caseworker testified that Martinez had not shown that he had completed the drug and alcohol assessment, nor had he attended individual counseling or had the children assessed by or enrolled in a proper educational program. Martinez also failed to attend some of his visitations with the children while he lived in San Angelo, had not visited the children at all since June 1, 2005, and had not paid child support as ordered. At the time of trial, the children were doing well in their foster home, were getting to see their half-siblings on a regular basis, and G.T. was enrolled in Headstart.

Following a bench trial, the trial court signed a decree terminating Martinez's parental rights, finding that he had knowingly placed the children in unsafe conditions or with people who engaged in conduct that endangered the children, constructively abandoned the children for at least six months, and failed to comply with a court order establishing actions necessary to regain custody of the children. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (N), (O) (West Supp. 2005). The trial court further found that termination was in the children's best interest. *See id*. § 161.001(2).

Martinez's appointed counsel has filed a brief stating that, after a thorough review of the record, she believes this appeal is frivolous.[2] The brief presents a thorough and professional evaluation of the record discussing and demonstrating why there are no arguable grounds for reversal. A copy of the brief was delivered to Martinez, who has neither sought other counsel nor filed a pro se brief. The Department filed its own brief agreeing that the appeal is frivolous and that there are no arguable grounds for reversal.

---

[2] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See*, *e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's judgment. We grant counsel's motion to withdraw as attorney of record.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed:   August 31, 2006