# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00362-CV

**Sylvia Garcia and Rocky Martinez Garcia, Sr., a/k/a Rocky Martinez Garcia, a/k/a Roque M. Garcia, a/k/a Roque Martinez Garcia, Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-04-0226-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The trial court signed a final decree terminating the parental rights of appellants Sylvia Garcia and Rocky Martinez Garcia to their five children. The Department sought emergency conservatorship over the children after it received a report that Ms. Garcia had physically abused one of her sons, severely bruising his buttocks and hips. In an interview with the Department, Ms. Garcia admitted hitting her three sons with a belt. The Department had been involved with appellants and their children for six years, investigating allegations of physical and medical neglect and physical and sexual abuse. Three separate family preservation cases were opened and closed, and the Department stated that although it had worked extensively with the family, "very little change has occurred."

At trial, a Department caseworker testified that the Department had received more than twenty referrals about the Garcia family. He also testified that upon their removal from appellants' care, the children smelled as if they had not been bathed in days. The children told the caseworker that Ms. Garcia frequently spanked them with a belt and that Mr. Garcia, who is blind, did not attempt to intervene to stop her. Ms. Garcia denied allegations about spanking or abusing the children. Although Ms. Garcia testified that she worked hard keeping the house and the children clean, there was considerable evidence that the children's living conditions were filthy; Ms. Garcia said that she had "bad luck" with the days on which the Department would come to the house. The children's court-appointed advocate testified that she believed the children had been neglected and abused for years and that termination was in their best interests. The Department's program director testified that after working with the family for eight years, the Department had no further programs to offer. She stated that each time the Department concluded its involvement, appellants lapsed back into failing to maintain a clean home. Nor did the program director see an improvement in Ms. Garcia's parenting skills during the years the Department was involved and providing services. Photographs taken after the children's removal show that appellants' home was unsanitary, which violated the service plan ordered by the trial court.

Following a bench trial, the trial court found that both parents had knowingly placed or allowed the children to remain in dangerous conditions, engaged in or placed the children with others who engaged in dangerous conduct, failed to support the children, and failed to comply with court orders that would have allowed her to regain custody of the children. *See* Tex. Fam. Code Ann. § 161.001(1) (West Supp. 2007). The court further found that termination of appellants'

2

parental rights was in the children's best interests. *See id*. § 161.001(2). On appeal, each parent is represented by separate counsel. Both attorneys have filed separate briefs stating that after reviewing the record, they believe the appeal is frivolous.[1] The briefs present thorough and professional evaluations of the record discussing possible issues on appeal and demonstrating why those potential issues do not present arguable grounds for reversal. Ms. Garcia's attorney delivered a copy of her brief to Ms. Garcia, and Mr. Garcia's attorney delivered a copy of his brief to Mr. Garcia. Neither appellant has sought other counsel or filed a pro se brief. The Department filed a response agreeing that the appeal is frivolous and that there are no arguable grounds for reversal.

We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's final decree. We grant both attorneys' motions to withdraw as attorneys of record.

_____

David Puryear,  Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:   April 2, 2008

_____

[1] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See*, *e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).