# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00241-CV

**Keri Lynn Smith, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
### NO. C-08-0251-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court signed a final decree terminating appellant Keri Lynn Smith's parental rights to her daughter, K.N.S. K.N.S. was born five weeks premature on November 20, 2008, while Smith was incarcerated on charges with forgery and check fraud.[1] Three days after her birth, while K.N.S. was still hospitalized, the Department sought emergency conservatorship, alleging that Smith had admitted that she abused methamphetamine during her pregnancy, was homeless, and had limited supplies to care for the baby. Smith told the Department that she was planning to stay with a couple who had agreed to let her and K.N.S. live with them. The husband had a criminal record from a 1996 escape from jail following his incarceration for unauthorized use of a motor vehicle. The wife denied that she had a criminal record, but the Department learned that she had been untruthful and had been jailed in 2008 for domestic violence. The Department alleged that charges

---

[1] Smith was released on a personal recognizance bond after K.N.S.'s birth.

were still pending against Smith and that she had three other children who were not in her custody.[2] K.N.S. was released from the hospital when she was about a week old and placed with a foster family, with whom she stayed for the duration of the Department proceeding. The foster parents wanted to adopt K.N.S. should Smith's parental rights be terminated.

Smith was out of police custody from late November 2008 until April 2009, when she entered into a plea agreement and was given a six-year prison sentence. During that time, she agreed to a number of conditions set by the Department, including attending counseling, but the therapist dismissed Smith when she missed two sessions. Smith was unenrolled from a parenting class because she had to be hospitalized for surgery, and she once tested positive for methadone. Smith was granted visitation, but very few visits occurred before Smith was hospitalized and then incarcerated. In April 2010, a CASA report was filed stating that K.N.S. was thriving in her foster home and that CASA had not heard from Smith since she wrote a letter that was received in December 2009. CASA recommended that Smith's parental rights be terminated and that K.N.S. be adopted by her foster parents.

A final hearing was held on April 12, 2010, and the trial court signed a final decree terminating Smith's parental rights. The trial court found that Smith had constructively abandoned K.N.S. for more than six months, not maintained regular contact with her, demonstrated an inability to provide a safe environment for her, violated the terms of a court order establishing requirements to regain custody, and engaged in criminal conduct that resulted in more than two years of

---

[2] Two of the children were with their maternal grandparents. The other was in Department custody, and Smith told the caseworker "that she had relinquished her parental rights to that child so that she could keep this child."

imprisonment. *See* Tex. Fam. Code Ann. § 161.001(1)(N), (O), Q) (West Supp. 2010). Smith's attorney filed a notice of appeal, and the trial court held a hearing pursuant to section 263.405 of the family code, determined that the appeal was frivolous, and denied her request for a free appellate record. *See id*. § 263.405 (West 2008).

On appeal, Smith's appellate attorney has filed a brief stating that after reviewing the limited record from the frivolousness hearing, she believes that the trial court did not abuse its discretion in finding that the appeal is frivolous.[3] Counsel has presented a professional evaluation of the record and explained why she believes there are no arguable grounds for reversal. Smith has not filed a pro se brief. We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's final decree. We grant counsel's motion to withdraw as attorney of record.

_____

David Puryear,  Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   August 5, 2011

---

[3] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See*, *e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).