TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00241-CV






Keri Lynn Smith, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-08-0251-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 The trial court signed a final decree terminating appellant Keri Lynn Smith's parental
rights to her daughter, K.N.S. K.N.S. was born five weeks premature on November 20, 2008, while
Smith was incarcerated on charges with forgery and check fraud. (1) Three days after her birth, while
K.N.S. was still hospitalized, the Department sought emergency conservatorship, alleging that Smith
had admitted that she abused methamphetamine during her pregnancy, was homeless, and had
limited supplies to care for the baby. Smith told the Department that she was planning to stay with
a couple who had agreed to let her and K.N.S. live with them. The husband had a criminal record
from a 1996 escape from jail following his incarceration for unauthorized use of a motor vehicle. 
The wife denied that she had a criminal record, but the Department learned that she had been
untruthful and had been jailed in 2008 for domestic violence. The Department alleged that charges
were still pending against Smith and that she had three other children who were not in her custody. (2) 
K.N.S. was released from the hospital when she was about a week old and placed with a foster
family, with whom she stayed for the duration of the Department proceeding. The foster parents
wanted to adopt K.N.S. should Smith's parental rights be terminated. 

 Smith was out of police custody from late November 2008 until April 2009, when
she entered into a plea agreement and was given a six-year prison sentence. During that time, she
agreed to a number of conditions set by the Department, including attending counseling, but the
therapist dismissed Smith when she missed two sessions. Smith was unenrolled from a parenting
class because she had to be hospitalized for surgery, and she once tested positive for methadone. 
Smith was granted visitation, but very few visits occurred before Smith was hospitalized and then
incarcerated. In April 2010, a CASA report was filed stating that K.N.S. was thriving in her foster
home and that CASA had not heard from Smith since she wrote a letter that was received in
December 2009. CASA recommended that Smith's parental rights be terminated and that K.N.S.
be adopted by her foster parents.

 A final hearing was held on April 12, 2010, and the trial court signed a final decree
terminating Smith's parental rights. The trial court found that Smith had constructively abandoned
K.N.S. for more than six months, not maintained regular contact with her, demonstrated an inability
to provide a safe environment for her, violated the terms of a court order establishing requirements
to regain custody, and engaged in criminal conduct that resulted in more than two years of
imprisonment. See Tex. Fam. Code Ann. § 161.001(1)(N), (O), Q) (West Supp. 2010). Smith's
attorney filed a notice of appeal, and the trial court held a hearing pursuant to section 263.405 of the
family code, determined that the appeal was frivolous, and denied her request for a free appellate
record. See id. § 263.405 (West 2008). 

 On appeal, Smith's appellate attorney has filed a brief stating that after reviewing the
limited record from the frivolousness hearing, she believes that the trial court did not abuse its
discretion in finding that the appeal is frivolous. (3) Counsel has presented a professional evaluation
of the record and explained why she believes there are no arguable grounds for reversal. Smith has
not filed a pro se brief. We have conducted our own review of the record and we agree that the
appeal is frivolous. We therefore affirm the trial court's final decree. We grant counsel's motion
to withdraw as attorney of record.


 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: August 5, 2011
1. Smith was released on a personal recognizance bond after K.N.S.'s birth.
2. Two of the children were with their maternal grandparents. The other was in Department
custody, and Smith told the caseworker "that she had relinquished her parental rights to that child
so that she could keep this child."
3. This and other Texas courts have held that it is appropriate in a parental termination case
to file a brief asserting that the appeal is frivolous. See, e.g., Matthews v. Texas Dep't of Protective
& Regulatory Servs., No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.--Austin
Feb. 17, 2005, no pet.) (mem. op.); In re D.E.S., 135 S.W.3d 326, 329 (Tex. App.--Houston [14th
Dist.] 2004, no pet.); In re K.D., 127 S.W.3d 66, 67 (Tex. App.--Houston [1st Dist.] 2003, no pet.).