# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00885-CV

**Amanda Purcell, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 247,246-B, HONORABLE CHARLES H. VAN ORDEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court signed a decree terminating appellant Amanda Purcell's parental rights to her sons, who were five and two at the time of trial. The children were removed from Purcell's care after the Department received two referrals within one week alleging neglectful supervision and that Purcell and the children's father[1] were using drugs. The children were dirty, the house was described as "filthy, nasty, and chaotic," and Purcell admitted to using and selling methamphetamine. The Department prepared a family service plan requiring Purcell to take regular drug tests, undergo a psychological evaluation, and maintain stable housing and employment, among other things. At the hearing, a Department caseworker testified that Purcell did not comply with any of the plan's requirements or visit the children in the eleven months they were in the Department's custody and that the Department was only occasionally able to contact her. The caseworker testified

---

[1] The boys' father relinquished his parental rights.

that the children were in a foster home, that the foster parents intended to adopt them, that the foster parents had agreed to allow the boys' paternal grandparents to maintain a relationship with them, and that the grandparents support the boys being adopted by the foster parents.

Purcell did not appear for the final hearing, and her attorney noted that she "hasn't been very active in this case at all." The trial court announced that it was terminating Purcell's rights, setting a placement hearing later in the month. At that hearing, Purcell was again absent, but her attorney stated that she had called him that morning and asked to be allowed to testify. He said, "She is now back in the state of Texas," and explained that she was not present because she did not have a ride from her father's house, which is located in Temple, Texas. The trial court observed that Purcell's father's house was very close to a bus route that could have brought her to the courthouse, and Purcell's attorney objected "to inferences made from a map hanging" in the courtroom. The court denied Purcell's motion to reopen and signed the termination decree, finding that Purcell had constructively abandoned the children for at least six months, failed to comply with a court order establishing requirements to regain custody, and engaged in conduct and placed the children with people who engaged in conduct that endangered the children's well-being. *See* Tex. Fam. Code Ann. § 161.001(1) (West Supp. 2011).

On appeal, Purcell's appellate attorney has filed a brief stating that after reviewing the record, she believes that the appeal is frivolous.[2] Counsel has presented a professional evaluation

---

[2] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See*, *e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

of the record and explained why she believes there are no arguable grounds for reversal. Purcell has not filed a pro se brief or made contact with this Court. We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's final decree. We grant counsel's motion to withdraw as attorney of record.

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Affirmed

Filed:   June 6, 2012

3