# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00229-CV

**Stephanie Anderson, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 237,522-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stephanie Anderson appeals from the trial court's decree terminating Anderson's parental rights to her son Z.D.M., who was almost three years old at the time of trial. In July 2010, when Z.D.M. was about sixteen months old, the Department received a referral alleging that Anderson had tested positive for phencyclidine (PCP) while on probation for driving while intoxicated and admitted to using PCP and marihuana, although not while she was caring for her child. Anderson agreed to undergo counseling, drug testing, and a psycho-social assessment. Z.D.M. was placed with his maternal great-aunt, and Anderson was not allowed to have unsupervised contact with him. About three months later, in October 2010, Anderson again tested positive for PCP. At the time, she denied using PCP and said she inhaled it when she sat next to someone who was using it, but at trial, she admitted that she had used drugs in October 2010, saying that was the last time she had used them.

During the jury trial in February 2012, the psychologist who evaluated Anderson about a year earlier testified that Anderson had not shown that she had appropriate parenting skills and had used drugs to cope with life in general. Anderson was cooperative during the assessment, but the psychologist was concerned about Anderson's drug use because although she had a car accident while intoxicated, which led to her being placed on probation, she continued to use drugs while on probation and even after Z.D.M. was removed from her care. He was concerned that none of those events seemed to "wake" her up and convince her to end her drug use.

Anderson's drug counselor testified that although Anderson completed most of the requirements of her drug rehabilitation program, she only completed about ninety percent of the hours of counseling required to complete the program. The drug counselor testified that despite not completing the program, Anderson made "a great deal of progress" as far as obtaining and maintaining employment and transportation. Anderson's therapist testified that Anderson attended many of her sessions but was terminated from therapy after she missed seven sessions. The therapist said that Anderson's mood shifted up and down but that she often seemed to have a low level of motivation to follow the Department's requirements, that she made "minimal" progress in her work with the counselor, and that she had not "learned how to get her life back in order" by the time she was terminated from therapy.

Anderson, who was twenty-two at the time of trial, admitted to twice testing positive for PCP while the Department's case was pending. She said that she had used marihuana since she was about fifteen and that she had used PCP three or four times a months for about a year or a year and one-half. She claimed that the last time she had used drugs was in October 2011, about five

months before trial, explaining that she finally stopped because she "[r]eally hear[d] the judge tell me that he would terminate my rights." Anderson's Department caseworker testified that although Anderson had passed a number of Department-administered drug tests, she missed a test or tested on the wrong day eleven times, which led to the Department deeming those drug test results to be positive. The caseworker also testified that although Anderson had maintained housing and employment, she did not provide proof of employment for a number of months, and the Department had been unable to contact her for months at a time during the pendency of this case. The caseworker testified that Anderson had not shown significant progress with the Department's plan, was unsuccessfully discharged from therapy, did not fully complete her drug rehabilitation program, had not reliably participated in visitation, and had not paid the required child support. Z.D.M.'s great-aunt testified that Anderson and Z.D.M. had lived with her essentially since Z.D.M.'s birth, and that she had been his primary caretaker for much of that time. She intended to adopt Z.D.M. if Anderson's rights were terminated. Z.D.M.'s guardian ad litem recommended termination because she did not think Anderson could be an adequate parent for the child. She believed Anderson was too immature and unmotivated to be an appropriate parent, had "minimized" her drug use, and had given up on trying to regain custody of Z.D.M.

On appeal, Anderson's appellate attorney has filed a brief stating that after reviewing the record, she believes that the appeal is frivolous.[1] Counsel has presented a professional evaluation

---

[1] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See, e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

of the record and explained why he believes there are no arguable grounds for reversal. Anderson has not filed a pro se brief or made contact with this Court. We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's final decree. We grant counsel's motion to withdraw as attorney of record.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed:   August 7, 2012