# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00804-CV

**Airickison Tavar Nelson a/k/a Erikson Nelson, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NO. C-10-0041-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In May 2010, the Department of Family and Protective Services took custody of Shranda Carson's three children, including S.T.J., a daughter born in January 2004. The Department removed the children from Carson's care because one of S.T.J.'s younger brothers was injured during an incident of domestic violence between Carson and the child's maternal uncle. The Department further alleged that Carson tested positive for cocaine and that there were no appropriate relatives with whom the children could be placed. No father was named on S.T.J.'s birth certificate, and Carson was not married to anyone at the time of the child's birth. Carson told the Department that appellant Erikson Nelson was the father.[1] She did not know his whereabouts but said the last she knew, he lived in Lubbock. Another man, James Henderson, had been previously identified as

---

[1] Appellant is named in the trial court's filings as "Erikson Nelson," but his appointed attorney named him as "Airickison Tavar Nelson a/k/a Erikson Nelson" in the notice of appeal. We will refer to him throughout this opinion as "Erikson Nelson" or "Nelson."

S.T.J.'s father, but because he could never be located for personal service, his paternity was never determined. The Department included both men as respondents to the suit. Because the Department had no information about Nelson's whereabouts, it asked to be permitted to serve him by substituted service, and the trial court signed an order allowing service by posting citation at the Tom Green County courthouse. The court also appointed an attorney to represent Nelson's interests.

In August 2011, Carson signed an affidavit relinquishing her rights to the three children. That same month, the trial court held a hearing to address the parental rights of the children's fathers. Nelson did not appear, and he was represented by his attorney Bryce Bedford. Bedford stated at the beginning of the hearing that Department caseworker Liliana Reyes had received a phone call the night before trial from Janeska Vines, who claimed to be Nelson's sister and who said Nelson was in prison in Lubbock. Both the Department and Bedford searched the state-wide prison database after Vines called, but neither the Department nor Bedford could locate Nelson. Bedford also conducted two other database searches the day before trial with no success.

Caseworker Reyes testified that she did a "due diligence" search and also unsuccessfully searched the paternity registry, the "CCJ," the white pages, the Texas On-Line Offender database, 4-1-1, and a website called anywho.com. She asked three special investigators to do a search. One said he could not search on the name alone and needed more information. The other two—who were given Nelson's name and also told he was likely in Lubbock, was African-American, and was about thirty years old—ran searches but were unable to locate him.

Reyes testified about Vines's phone call the day before. Vines claimed to be Nelson's sister and said she learned about the case from a relative of one of the other children's fathers, said

2

she wanted to know more about the case, and she would be interested in being a placement for S.T.J. Vines said Nelson was "recently incarcerated" in Lubbock "for child support," but another check of the online offender website did not provide any information. Vines did not give Reyes any identifying information about Nelson but said Nelson knew S.T.J. "existed" because he and Vines used to baby-sit her. Vines said the family had tried once to contact S.T.J. and seemed to know where Carson was living. Reyes believed Nelson's rights should be terminated so that S.T.J. could be placed for adoption with her brothers and said the Department was attempting to locate an adoptive home that would take all three children. The Department, the children's attorney ad litem, and the children's guardian ad litem and CASA representative all asked the court to terminate the parental rights of Nelson and the other children's fathers and alleged fathers.

In his closing statement, Bedford stated that he had conducted numerous unsuccessful database searches using variations on the name "Erikson Nelson." He also sent certified letters to Eric Nelsons in the Lubbock and Fort Worth areas but received no responses and tried to call several Eric Nelsons in the area, but all the numbers were disconnected. He said his only lead was Vines's phone call. Although she claimed to be Nelson's sister, she could not provide his birth date, social security number, driver's license number, or any other information, beyond stating he was incarcerated. He said, "We're not entirely sure that he even really exists, honestly." Despite that, Bedford asked the trial court to give him more time to attempt to contact Nelson.

In its decree, the trial court found that it was in S.T.J.'s best interest for Nelson's rights to be terminated; that the Department acted with due diligence in attempting to identify, locate, and serve Nelson; that no one had filed an admission of paternity; and that the Department had not found anyone who could provide information about the identity and location of the child's father or

3

the father's relatives. The court terminated Nelson's rights on the grounds that he had not filed an admission of or counterclaim for paternity after being served. *See* Tex. Fam. Code Ann. § 161.002(b) (West 2008) (court may terminate alleged father's rights if, after being served with citation, he does not file admission of or counterclaim for paternity or, if child is older than one when petition for termination is filed, father has not registered with paternity registry, and after exercise of due diligence, Department cannot locate father).

On appeal, Nelson's appellate attorney has filed a brief stating that after reviewing the record, she believes that the appeal is frivolous.[2] Counsel has presented a professional evaluation of the record and explained why she believes there are no arguable grounds for reversal. Nelson has not filed a pro se brief or made contact with this Court. We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's final decree. We grant counsel's motion to withdraw as attorney of record.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed:   August 16, 2012

_____

[2] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See, e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).