# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00689-CV

**M. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT
### NO. 2011-FL-299, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On August 8, 2012, a jury returned a unanimous verdict terminating the parent-child relationship between M.M. and her children identified in this suit, and on October 3, 2012, the trial court signed the order of termination. The grounds for the verdict and the order of termination were that M.M. knowingly placed or allowed the children to remain in surroundings which endangered their physical or emotional well-being, Tex. Fam. Code Ann. § 161.001(1)(D) (West Supp. 2011); engaged in conduct or placed the children with persons who engaged in conduct which endangered their physical or emotional well-being, *id.* § 161.001(1)(E); formally relinquished her parental rights, *id.* § 161.001(1)(K); constructively abandoned the children for not less than six months, *id.* § 161.001(1)(N); failed to comply with the provisions of a court order necessary to obtain the return of the children, *id.* § 161.001(1)(O); and failed to complete a court-ordered substance abuse treatment program or continued to abuse a controlled substance, *id.* § 161.001(1)(P). The jury also

determined that termination of the parent-child relationship would be in the best interest of the children. *Id.* § 161.001(2).

In support of those grounds, the jury heard evidence that M.M. had a continuous history of drug use and criminal activity. Also, she exposed her children to physical jeopardy by cohabiting with a man who was physically violent toward them, as well as toward M.M. herself, which the children witnessed. Further, M.M. pled guilty to a driving while intoxicated charge while one of her children was in the car with her, and in a separate offense, pled guilty to aggravated assault. Additionally, the children experienced insecurity and instability in their home life because they never knew who would be at home when they arrived home from school, sometimes only strangers would be at the house, and the family moved frequently from house to house. Further, one of the children described their homes as ghetto houses with holes in the walls and doors. Also, the children were victims of neglect in that they repeatedly were diagnosed with scabies and often had hair lice. Finally, the jury heard testimony that M.M. was often intoxicated while the children were in her care, that she was emotionally inattentive and aloof, and that she exposed them to sexual abuse at the hands of a visiting male cousin. After this abuse, she refused to believe the children's outcry statements.

The jury also heard evidence that since their removal from M.M.'s home, the children have been placed with their grandparents and have shown marked improvement emotionally and academically while living with their grandparents.

On appeal, M.M.'s appellate attorney has filed a brief stating that after reviewing the record, he believes that the appeal is frivolous.[1] Counsel has presented a professional evaluation of

---

[1] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See, e.g., Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 WL 366871 (Tex. App.–Austin Feb. 17, 2005,

the record and explained why he believes there are no arguable grounds for reversal.  We have conducted our own review of the record and we agree that the appeal is frivolous.  Furthermore, counsel has provided M.M. a copy of his brief and informed her of her right to file a pro se brief.  M.M. has not filed a brief with this Court.  We therefore affirm the trial court's final decree, and grant counsel's motion to withdraw as attorney of record.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   March 20, 2013

---

no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.–Houston [1st Dist.] 2003, no pet.).

3