# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00055-CV

### C. W., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-FM-11-004767, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

The trial court signed an order terminating appellant C.W.'s parental rights to his three children on January 23, 2014. The grounds for the order of termination were that C.W. knowingly placed or knowingly allowed the children to be placed or to remain in conditions or surroundings which endangered their physical and emotional well-being, Tex. Fam. Code § 161.001(1)(D); engaged in conduct, or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being, *id.* § 161.001(1)(E); failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children, who have been in the permanent or temporary managing conservatorship of appellee for not less than nine months as result of the children's removal from the parent, *id.* § 161.001(1)(O); and that termination of C.W.'s parental rights is in the children's best interests, *id.* § 161.001(2).

In support of these grounds, the court heard evidence of C.W.'s criminal history both as a juvenile and as an adult, of his continued drug use as recently as four months before the final hearing, of his inability to provide proof of residence or employment, that he failed to complete individual counseling and parenting classes required by his family reunification plan, and that his supervised visits with the children had been sporadic. Also, when asked for names of potential caregivers with whom the children might be temporarily placed, C.W. consistently offered the names of persons who were actively using drugs or who had felony convictions.

On appeal, C.W.'s attorney has filed a brief stating that after reviewing the record, she believes that the appeal is frivolous.[1] Counsel has presented a professional evaluation of the record and explained why she believes there are no arguable grounds for reversal. C.W. has not filed a pro se brief or made contact with this Court. We have conducted our own review of the record and agree that the appeal is frivolous. We therefore affirm the trial court's final decree. We grant counsel's motion to withdraw as attorney of record.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   June 3, 2014

---

[1]  This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See, e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).