# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00523-CV

### T. C. and D. D., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-FM-14-004687, HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant father T.C. and appellant mother D.D. appeal from the trial court's order terminating the parental rights of both parents to their daughter (Terri). [1]

During the trial, the Department of Family and Protective Services (the Department) presented the following evidence:

- T.C. was incarcerated at the time of Terri's birth in 2014. Shortly after his release in 2016, he was convicted of several felony charges, including felony family violence, and was sent to prison again. T.C. was in prison at the time of trial.

- T.C. had previously been convicted of many drug-related or violent offenses dating back to 2009.

---

[1]  In a termination case, a minor must be identified only by an alias. Tex. R. App. P. 9.8(b)(1)(A).

- T.C.'s mother testified about an incident in which she was fearful of T.C. for her own safety and the safety of D.D. and the unborn child, and that on another occasion she witnessed T.C. punch D.D. in the face.

- Several police officers testified about T.C.'s aggressive, violent tendencies and that he had violated a protective order.

- When Terri was born, she tested positive for marijuana and PCP.

- D.D. completed a 90-inpatient Drug Court Program, but after moving into a sober home for outpatient treatment, relapsed by smoking marijuana and PCP.

- Terri is currently placed with Kenetha Jones, a cousin of T.C., and is thriving in that environment. It is the Department's plan that Ms. Jones will adopt Terri.

*See* Tex. Family Code § 161.001(b)(1)(E), (P), (Q), (2). The jury returned a verdict that the parental rights of both parents should be terminated.

On appeal, T.C.'s and D.D.'s appellate attorneys have filed briefs stating that after reviewing the record, they believe that the appeal is frivolous.[2] The attorneys have presented a professional evaluation of the record and explained why they believe there are no arguable grounds for reversal. The attorneys have represented to the Court that they provided copies of the briefs to T.C. and D.D and advised them of their right to file pro se briefs. T.C.'s counsel provided a copy of the appellate record to him. D.D.'s counsel advised her of her right to examine the appellate record, how to get a copy of the record, and provided her with the mailing address of the Travis County Clerk's office. Counsel notified both T.C. and D.D. of their deadline for filing a pro se brief.

---

[2] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See Taylor v. Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646 & n.4 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

*See Taylor v. Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646-47 & n.4 (Tex. App.—Austin 2005, pet. denied); *see also Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014). Neither T.C. nor D.D. has filed a pro se brief or made contact with this Court. We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's final decree. Further, in accordance with the Texas Supreme Court's recent decision, we deny counsels' motions to withdraw. *In re P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, at *7-8 (Tex. Apr. 1, 2016).[3]

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: January 12, 2017

---

[3] In *P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review. *In re P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, at *3 (Tex. Apr. 1, 2016). Accordingly, counsels' obligation to T.C. and D.D. has not yet been discharged. *See id.* If D.D. or T.C., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id.*