# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00656-CV

### K. W., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

#### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
#### NO. D-1-FM-15-002572, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In early 2015, the Texas Department of Family and Protective Services received a referral regarding self-harming behavior and threats of suicide by one of appellant K.W.'s children. The Department received a subsequent referral for possible medical neglect because one of appellant's children was at the hospital and appeared to have had numerous untreated ear infections. In addition to concerns about the children, there were also allegations that appellant was using synthetic marijuana. When appellant refused to submit to a drug test, the Department decided to request appointment as temporary managing conservator of the children, and in May 2015, the Department filed suit requesting termination of appellant's parental rights on the grounds that she

- knowingly placed the children or allowed the children to remain in conditions which endangered their well-being;

- engaged in conduct or placed the children with persons who engaged in conduct which endangered the children's well-being;

- constructively abandoned the children who had been in the conservatorship of the Department for not less than six months;

- failed to comply with the provisions of a court order that specifically established the actions necessary for appellant to obtain the return of the children; and

- that termination is in the best interest of the children.

*See* Tex. Fam Code §161.001(b)(1)(D), (E), (N), (O), (2).

Over the next several months the trial court held multiple hearings ordering appellant to comply with protective parenting classes, psychological, alcohol, and drug evaluation, random drug testing, group and individual counseling, and supervised visitation with the children. In subsequent hearings, when appellant was found to have failed to comply fully with the court's orders, the court would modify its orders for additional services in an effort to reunify the family. In March 2016, an extension of the case was granted so that appellant would have more time to work services, establish employment, and obtain appropriate housing. Soon after the court granted the extension, appellant was arrested on a new felony burglary charge and on a motion to revoke an existing felony probation.

On September 8, a mediation occurred and a Mediated Settlement Agreement was signed by all parties, including appellant, stipulating that: (1) clear and convincing evidence existed to support a finding that appellant failed to comply with the provisions of a court order that specifically established the actions necessary for appellant to obtain the return of the children; (2) the children had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent for the abuse or neglect of the children; (3) clear and convincing evidence existed to support a finding that termination

2

of appellant's parental rights to the children would be in the best interest of the children; and (4) appellant's failure to complete services would be the sole ground for terminating parental rights.

A trial commenced on September 12. At the trial, the Department's representative and the CASA representative testified that appellant had failed to complete court-ordered services and that termination of appellant's parental rights was in the children's best interest. The Court also heard evidence concerning appellant's drug and alcohol abuse and appellant's multiple felony convictions. The Department's representative asked the Court to accept the mediated settlement agreement, terminate appellant's parental rights based on appellant's failure to comply with the court-ordered services, and find that termination of parental rights is in the children's best interest. The Court found by clear and convincing evidence that it is in the best interest of the children to terminate appellant's parental rights and ordered termination of appellant's parental rights based on the voluntary agreement entered into in this case.

On appeal, appellant's appellate attorney has filed a brief stating that after reviewing the record, she believes that the appeal is frivolous.[1] Counsel has presented a professional evaluation of the record and explained why she believes there are no arguable grounds for reversal. Counsel has represented to the Court that she provided a copy of the brief to appellant; advised her of her right to examine the appellate record and file a pro se brief; provided her with a copy of the district clerk's record in this case; and notified her of her deadline for filing a pro se brief. *See Taylor v.*

---

[1] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See Taylor v. Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646 & n.4 (Tex. App.—Austin 2005, pet. denied); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

*Texas Dep't of Protective & Regulatory Svcs.*, 160 S.W.3d 641, 646-47 & n.4 (Tex. App.—Austin 2005, pet. denied)*; see also Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014). Appellant has not filed a pro se brief or made contact with this Court. We have conducted our own review of the record and we agree that the appeal is frivolous. We therefore affirm the trial court's final decree. Further, in accordance with the Texas Supreme Court's recent decision, we deny counsel's motion to withdraw. *In re P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, at *7-8 (Tex. Apr. 1, 2016).[2]

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: February 3, 2017

---

[2] In *P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review. *In re P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, at *3 (Tex. Apr. 1, 2016). Accordingly, counsel's obligation to appellant has not yet been discharged. *See id.* If appellant, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id.*