

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00100-CV

SEATTLE DOMINGO SALAZAR, APPELLANT

VS.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2009-546,956; Honorable Leslie Hatch, Presiding

July 19, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Seattle Domingo Salazar, appeals the trial court's order terminating his parental rights to his two children, S.S. and S.S., a son and daughter.[1]  In presenting

---

[1]To protect the children's privacy, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (WEST SUPP. 2012).  At the time of the final hearing, Appellant's son was eleven years old and his daughter was ten years old.  The original proceeding included a third child, R.L., who is not Appellant's biological child and is not a party to this appeal. The mother of the children executed an affidavit of voluntary relinquishment as to all three children.  Parental rights of R.L.'s father were terminated.  Neither the mother nor R.L.'s father is a party to this appeal.

this appeal, appointed counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

Courts, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.—Amarillo 2001, no pet.). *See also In re D.E.S.*, 135 S.W.3d 326, 329 (Tex.App.—Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-67 (Tex.App.—Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis for reversal of the trial court's termination order. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel certifies she has diligently researched the law applicable to the facts and issues and candidly discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated she has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying him of his right to file a *pro se* response if he desired to do so. *Id.* By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. Appellant did not file a response. The Department filed a letter indicating that it would not file a brief unless deemed necessary or requested to by this Court.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

## BACKGROUND FACTS

The Department first became involved with the children the subject of this suit in 2008 amidst allegations of neglectful supervision and medical neglect by the mother. Neglectful supervision was ruled out but medical neglect was validated. In 2012, both children were evaluated by a psychologist and a counselor. Upon cross-examination at trial, the psychologist concluded that omissions by Appellant were a psychological endangerment to his children that contributed to their low self-esteem.

The counselor testified that Appellant was neglectful due to a lack of involvement with the children. Her recommendation to the court was to terminate Appellant's parental rights because he was not completing his services or taking any steps to become a caregiver for his children. The counselor further testified she saw improvement in the children after being in foster care. Appellant's two children and their half-brother were all placed in the same foster home. The foster parents were patient with the children and worked with them on behavioral problems. A bond had formed between the children and their foster parents.

The final witness at the termination hearing was Appellant's caseworker. She offered sufficient testimony to support termination of Appellant's parental rights under section 161.001(1) and demonstrated that termination would be in the children's best interests. The Department's long term plan was to keep all three siblings together for adoption.

At the conclusion of the testimony, the trial court took the case under advisement. The trial court signed an order finding that Appellant had:

knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being;

engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being; and

failed to comply with the provisions of a court order that specifically established the actions necessary for Appellant to obtain the return of the children who had been in the temporary or permanent managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children.

The trial court also found that termination was in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(1) (D), (E) and (O) and (2) (WEST SUPP. 2012).

By the *Anders* brief, counsel concedes that reversible error is not presented because termination under subsection (E) is sufficient to support the trial court's order.[3] *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex.App.--Amarillo 2005, no pet.) (holding that only one predicate finding under section 161.001(1) is necessary to support termination when there is also a finding that termination is in a child's best interest).

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v.*

---

[3]Appellant testified he did not think he should have to comply with the trial court's order for actions necessary to obtain the return of his children because he was not the reason for removal. Counsel opines in her *Anders* brief that termination under section 161.001(1)(O) may not be supported by clear and convincing evidence because Appellant was not the offending parent who caused the children to be removed from their home. However, the Legislature did not scribe into subparagraph (O) a distinction between an offending parent and a non-offending parent. This Court declines to read such a requirement into section 161.001(1)(O). *Cf. In re E.C.R.*, 2013 Tex. LEXIS 473, at *2-3 (Tex. June 14, 2013) (liberally construing subsection (O) to include a *substantial risk* of abuse or neglect to justify removal under chapter 262 of the Family Code) (Emphasis added).

*State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating Appellant's parental rights to S.S. and S.S. is affirmed.

Patrick A. Pirtle
Justice