

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00175-CV

---

IN THE INTEREST OF M.M., A CHILD

---

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 19075, Honorable Kevin C. Hart, Presiding

---

September 30, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

The mother[1] appeals the order of the trial court terminating her parent-child relationship with M.M. and appointing appellee the Texas Department of Family and Protective Services the child's permanent managing conservator. The mother's court-appointed appellate counsel has filed a motion to withdraw from representation supported by an *Anders*[2] brief. The mother has filed a *pro se* response. We will grant counsel's motion to withdraw and affirm the order of the trial court.

---

[1] To protect the child's privacy, we will refer to appellant as the mother and the child by initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2012); Tex. R. App. P. 9.8(b).

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The trial court's termination order signed after a hearing contains its findings the mother voluntarily relinquished her parental rights to M.M. through an affidavit, Tex. Fam. Code Ann. § 161.001(1)(K) (West Supp. 2012), and termination was in the best interest of M.M. *Id.* at § (2). At the hearing, the mother did not challenge the admission of the affidavit, cross-examine the sole witness for the Department, or otherwise contest termination.[3]

Courts of this state, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.--Amarillo 2001, no pet.); *see also In re D.E.S.,* 135 S.W.3d 326, 329 (Tex.App.--Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-47 (Tex.App.--Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no arguable basis to support an appeal. Counsel certifies she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998). Counsel also has demonstrated she provided a copy of her brief to the mother and notified her of her right to file a response if she desired. *Id.* By letter, we also notified the mother of the opportunity to file a response to her counsel's brief. And she filed a response which we have considered in reaching our disposition of counsel's motion to withdraw. The argument of the mother, however, depends on evidence

---

[3] Before presentation of the evidence the mother, on the request of counsel, was excused by the trial court from the proceeding. The record is not clear whether she actually left the courtroom.

outside the record. We are prohibited from considering such evidence. *See Carlisle v. Philip Morris,* 805 S.W.2d 498, 501 (Tex.App.--Austin 1991, writ denied) ("It is elementary that, with limited exceptions not material here, an appellate court may not consider matters outside the appellate record"); *see generally In re M.S.,* 115 S.W.3d 534, 546 (Tex. 2003) (concerning portions of trial not recorded by the court reporter and thus not available for review the Court stated, "this Court--or any appellate court--may only consider the record presented to it, and we cannot speculate on what might or might not be in the missing portions of the record").

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Based on the record, we find the evidence is legally and factually sufficient to support the predicate ground for termination found by the trial court and its finding regarding the best interest of the child. Furthermore, we find no potentially plausible issues which could support an appeal. After reviewing the record, counsel's brief, and the mother's response we agree with counsel that there are no arguably meritorious grounds for appeal. Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating the parental rights of the mother to M.M. is affirmed.

James T. Campbell
Justice