

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00166-CV
_____

IN RE A.T., A.T., and A.T., CHILDREN

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2011-559,581; Honorable Kevin C. Hart, Presiding

October 10, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, M.P., appeals the trial court's order terminating her parental rights to her three children, A.T., A.T., and A.T.[1]  At the time of their removal, the children were four, two, and one years old.  The children's father signed an affidavit of voluntary relinquishment of his parental rights as to all three children and is not a party to this

---

[1]To protect the parents' and children's privacy, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2012).  *See also* TEX. R. APP. P. 9.8(b).

proceeding. In presenting this appeal, appointed counsel has filed an *Anders*[2] brief in support of her motion to withdraw, we grant counsel's motion and affirm.

Courts, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.—Amarillo 2001, no pet.). *See also In re D.E.S.,* 135 S.W.3d 326, 329 (Tex.App.—Houston [14th Dist.] 2004, no pet.); *Taylor v. Tex. Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-47 (Tex.App.—Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies she has diligently researched the law applicable to the facts and issues and candidly discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated she has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying her of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief should she be so inclined. Appellant did not file a response. The Department of Family and Protective Services (Department) did not favor us with a responsive brief.

FACTUAL BACKGROUND

On September 2, 2011, the Lubbock Police Department Narcotics Division executed a search warrant on M.P's residence. An LPD agent had conducted a series

---

[2]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

of undercover narcotics buys from the residence. During the search, officers found a clear plastic bag containing 58.3 grams of cocaine in a dresser drawer in the children's bedroom. Atop the same dresser was 18.11 grams of cocaine in a clear plastic bag. The children's father told officers he was selling cocaine out of the house. M.P. advised officers that she knew the drugs were in the house but did not remove either the children or the drugs from the house.

During the search, officers noticed the house had a foul odor. There were dog feces in numerous areas on the floor, the house was roach-infested, and the children were filthy. Both parents were arrested for possession of a controlled substance and child endangerment. A year earlier, the parents had been placed on an open Family Based Safety Services case for neglectful supervision of their children.

Ten days later, on September 12, both parents tested positive for drugs. Due to the parents' ongoing drug use, pending drug charges, cocaine found in the children's bedroom, their parents' acknowledgement of drugs in the home, and positive drug tests subsequent to their arrest, the Department determined that the children would be in danger if they were allowed to remain with their parents. On November 2, the Department filed its *Original Petition* for non-emergency removal and termination of parental rights. *See* TEX. FAM. CODE ANN. § 262.101 (West 2008). The children were permitted to remain with their grandmother who had received the Department's approval after a successful home study and criminal background check.

On November 23, after an adversary hearing, the trial court determined there was sufficient evidence to satisfy a person of ordinary prudence and caution that a

danger to the children's health or safety was caused by their parents' actions or omissions and it was contrary to the children's welfare to remain in their parents' home. The trial court also found an urgent need for protection requiring the children's immediate removal because there was a substantial risk of a continuing danger if the children returned. The children remained with their grandmother who has since expressed a desire to adopt them.

On December 27, the trial court established a Family Service Plan embodied in a court order designed to enable M.P. to obtain the return of her children who were placed in the temporary managing conservatorship of the Department. However, in 2012, M.P. violated the terms of the court-ordered plan by (1) failing to obtain and maintain employment sufficient to support herself and dependents for at least six months; (2) ceasing contact with the Department and submission to random drug testing; (3) engaging in activities or criminal conduct that could result in her incarceration; (4) failing to comply with pretrial and post-conviction community supervision; (5) failing to complete her services despite an extension; (6) failing to attend proceedings and hearings; (7) missing appointments/sessions/meetings; and (8) failing to notify the Department of any change in address, convictions, filing of criminal charges against her, or GED completion.

After a bench trial was held in April 2013, the trial court issued its order terminating M.P.'s parental rights while finding M.P. had (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being; TEX. FAM. CODE ANN. § 161.001(1)(D) (West Supp. 2012), (2) engaged in conduct or knowingly placed the

4

children with persons engaged in conduct which endangered their physical and emotional well-being; *id.* at § 161.001(1)(E), and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for the children's return after being in the conservatorship of the Department for more than nine months. *Id.* at § 161.001(1)(O). *See M.C. v. Tex. Dep't of Family and Protective Servs.,* 300 S.W.3d 305, 311 (Tex.App.—El Paso 2009, pet. denied) (only one statutory ground is required to terminate parental rights under section 161.001). The trial court also found termination was in the best interest of the children. *See In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2002) (evidence of acts or omissions used to establish grounds for termination under section 161.001(1) may be probative in determining best interest of child). *See also Walker v. Tex. Dep't of Family and Protective Servs.,* 312 S.W.3d 608, 619 (Tex.App.—Houston [1st Dist.] 2009, pet. denied) (nonexclusive list of factors that the trier of fact in a termination case may use in determining the best interest of the child).

## ANALYSIS

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio,* 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Based on this record, we conclude that a reasonable fact-finder could have formed a firm belief or conviction that grounds for termination existed in compliance with section 161.001 of the Family Code and that termination of M.P.'s parental rights was in the children's best interest. *See Gainous v. State,* 436 S.W.2d 137, 137-38 (Tex.Crim.App. 1969).

5

M.P. does not dispute that she failed to comply with numerous, material provisions of court orders specifically requiring compliance to avoid termination of her parental rights. *In re J.F.C.,* 96 S.W.3d 256, 277-79 (Tex. 2002). The record also conclusively establishes the children were removed from M.P. under Chapter 262 of the Family Code for abuse or neglect, and it is undisputed that the children were in the Department's custody for more than nine months after removal. *In re E.C.R.,* 402 S.W.3d 239, 248-49 (Tex. 2013). The parental conduct described in subsection 161.001(1)(O) of the Family Code was thus established as a matter of law, and termination was in the best interest of the children. *Id.*

After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

CONCLUSION

Counsel's motion to withdraw is granted and the trial court's order terminating M.P.'s parental rights to A.T., A.T., and A.T. is affirmed.

Patrick A. Pirtle
Justice

6