

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————

No. 07-14-00221-CV

———————————

## IN THE INTEREST OF C.J.M., H.A.J.M. AND J.M., CHILDREN

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 7523; Honorable Stuart Messer, Presiding

October 17, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, B.D.M., appeals the trial court's order terminating his parental rights to his three children C.J.M., H.A.J.M. and J.M.[1]  Prior to trial, the children's mother, F.T., executed an affidavit of voluntarily relinquishment of her parental rights and is not a party to this appeal.  In presenting this appeal, B.D.M.'s appointed counsel filed an *Anders*[2] brief in support of his motion to withdraw.  We grant counsel's motion and affirm.

---

[1] To protect the parent's and children's privacy, we refer to Appellant and other parties by their initials.  *See* Tex. Fam. Code Ann. § 109.002(d) (West 2014).  *See also* Tex. R. App. P. 9.8(b).

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Courts, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.). *See also In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-67 (Tex. App.—Austin 2005, pet. denied). In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis for reversal of the termination order. Counsel certifies he has diligently researched the law applicable to the facts and issues and candidly discusses why, in his professional opinion, the record supports that conclusion. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated he has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying him of his right to file a *pro se* response if he desired to do so.[3] *Id.* By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.[4] Appellant did not file a response. The Department of Family and Protective Services notified this Court it would not file a response unless requested to do so by this Court.

BACKGROUND

In March 2013, the Department received a report of neglectful supervision by the children's mother for drug use. A second report of neglectful supervision was made

---

[3] Counsel has also demonstrated he has complied with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), by providing a copy of the appellate record to Appellant.

[4] The notice to Appellant was returned in the mail on July 22, 2014, and Appellant's attorney attempted to locate him, to no avail.

later that month and a Department investigator and case worker were dispatched to the residence because the mother was being arrested in connection with drugs,[5] and the children were in the home. The children were placed with a maternal aunt and uncle who intended to adopt them if reunification failed. The children desired to live with their mother and they were fearful of their father. He was ordered not to have any written or verbal contact with them. A counselor testified the children were being treated for various adjustment disorders, anxiety and depression, but they were doing well with their aunt and uncle.

At the final hearing, the Department investigator testified the home from which the children were removed was not appropriate for them.[6] It was filthy, with trash strewn about and there was a large pig living in one of the bedrooms. The floor of that room was covered in feces. Appellant testified he was separated from the children's mother and had moved from Memphis to Abilene.[7] He was not the offending parent at the time of removal; however, he knew the children's mother was abusing illegal drugs when he left them in her care. He testified to abusing illegal substances in the past and engaging in a physical altercation with the children's mother which resulted in an injury to his daughter. He admitted to numerous deficiencies in complying with court-ordered services, some due to lack of transportation. He testified he and his counselor had a

---

[5] Law enforcement found baggies with possible methamphetamine residue, marihuana and drug paraphernalia.

[6] Photographs depicting the condition of the residence were introduced into evidence over Appellant's objection during the Department investigator's testimony.

[7] There was no evidence to show Appellant knew of the conditions of the home after he moved to Abilene.

falling out and their therapy sessions ended.  He was making positive changes in his life to obtain the return of his children.

The Department caseworker testified Appellant completed a parenting class but did not successfully complete any other court-ordered services.  She also offered testimony in support of numerous grounds alleged as grounds for termination.

Following the final hearing, the trial court found that terminating Appellant's parental rights was in the children's best interest and that Appellant had:

> knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being;
>
> engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being;
>
> failed to support the children in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition;
>
> constructively abandoned the children who had been in the permanent or temporary managing conservatorship of the Department for not less than six months and (1) the Department had made reasonable efforts to return the children to him; (2) he had not regularly visited or maintained significant contact with them; and (3) he had demonstrated an inability to provide the children with a safe environment.
>
> failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of his children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal under Chapter 262 for the abuse and neglect of the children.

*See* TEX. FAM. CODE ANN. § 161.001(1) (D), (E), (F), (N) and (O) and (2) (West 2014).

By the *Anders* brief, counsel acknowledges he has conducted a thorough evaluation of the record and finds no arguable grounds for reversal of the trial court's order.  He concludes there is clear and convincing evidence to support termination of Appellant's parental rights.

STANDARD OF REVIEW

The natural right existing between parents and their children is of constitutional dimension.  *See Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982).  *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).  Consequently, termination proceedings are strictly construed in favor of the parent.  *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012).  Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights.  *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

The Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights.  *See In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).  Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.  *See* TEX. FAM. CODE ANN. § 101.007 (West 2014). *See also In re C.H.,* 89 S.W.3d at 25-26.

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1)

5

of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West 2014); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

Only one statutory ground is required to terminate parental rights under section 161.001. *See In re S.F.*, 32 S.W.3d 318, 320 (Tex. App.—San Antonio 2000, no pet.). Therefore, we will affirm the termination order if there are both legally and factually sufficient evidence on any statutory ground upon which the trial court relied in terminating parental rights as well as the best interest finding. *Id.*

### § 161.001(2) BEST INTEREST

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. A non-exhaustive list of factors to consider in deciding best interest is found at section 263.307(b) of the Family Code. *See also Holley*, 544 S.W.2d at 371-72.

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). After reviewing the

record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating Appellant's parental rights to C.J.M., H.A.J.M. and J.M. is affirmed.

Patrick A. Pirtle
Justice