**Motion Denied; Order filed May 19, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-01012-CV
_____

## IN THE INTEREST OF A.O.M AND J.X.M., CHILDREN

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2014-06157J**

---

## ORDER

Appellant A.M. is represented by court-appointed counsel on appeal, Juliane Crow. On April 26, 2016, this court issued its opinion and judgment affirming the termination of A.M.'s parental rights to her children A.O.M. and J.X.M. On May 3, 2016, counsel filed a motion to withdraw as appellate counsel based on counsel's opinion that any further action by counsel on behalf of A.M. would be frivolous. Counsel did not submit an *Anders* brief. *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967); *In re D.E.S.*, 135 S.W.3d 326, 329–30 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying *Anders* procedure to parental

termination case). Nor did counsel identify any other potential basis for good cause to allow her to withdraw.

### *No Good Cause for Withdrawal of Counsel*

The Supreme Court of Texas recently concluded that the right to counsel under Family Code section 107.013(a)(1) through the exhaustion of appeals under Family Code section 107.016(2)(B) encompasses all proceedings in the Supreme Court of Texas, including the filing of a petition for review. *In re P.M.*, 15-0171, — S.W.3d—, —, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016) (per curiam). Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions. *Id.* Mere dissatisfaction of counsel or client with each other is not good cause. *Id.* Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision. *Id.* Counsel's obligation to the client still may be satisfied by filing an appellate brief meeting the standards set in *Anders v. California* and its progeny. *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967); *In re P.M.,*— S.W.3d at —, 2016 WL 1274748, at *3. If counsel for A.M. has concluded that there are no non-frivolous points to urge in a petition for review in the Supreme Court of Texas, counsel should file in that court a petition for review that satisfies the standards for an *Anders* brief. *See In re P.M.,*—S.W.3d at —, 2016 WL 1274748, at *3 (stating that "[i]n this Court, appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief").

A petition for review must be filed with the Supreme Court clerk within 45 days after the following: (1) the date the court of appeals rendered judgment, if no motion for rehearing or en banc reconsideration is timely filed; or (2) the date of the court of appeals' last ruling on all timely filed motions for rehearing or en banc reconsideration. Tex. R. App. P. 53.7(a). The Supreme Court of Texas may extend

the time to file a petition for review if a party files a motion complying with Texas Rule of Appellate Procedure 10.5(b) no later than 15 days after the last day for filing the petition.  Tex. R. App. P. 53.7(f).

Because the only grounds counsel has identified for withdrawal do not constitute good cause, we DENY counsel's motion to withdraw.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Wise.

Publish