**Opinion issued January 23, 2018**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

## NO. 01-17-00613-CV

————————————

## IN THE INTEREST OF J.A.J.H. AND J.A.H., CHILDREN

---

### On Appeal from the 309th District Court
### Harris County, Texas
### Trial Court Case No. 2015-24656

---

### MEMORANDUM OPINION

This is an appeal from the trial court's final Decree for Termination in a suit brought by the Department of Family and Protective Services to terminate the parent-child relationship between the father and J.A.H.M. and J.A.H ("the children"). In its decree, the trial court established the father's paternity, terminated his parental rights, and appointed DFPS as sole managing conservator of the

children. The father filed a notice of appeal, and the trial court appointed counsel on his behalf to prosecute the appeal. The father's court-appointed appellate counsel has moved to withdraw, stating that, in her professional opinion, the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a parental-rights termination suit. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Counsel has certified that she delivered a copy of the brief to the father and informed him of his right to examine the appellate record and to file a response. *See id.* at 408. The father did not file a response.

The brief submitted by the father's appointed appellate counsel states her professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.* at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 409 n.23.

When we receive an *Anders* brief from an appointed attorney who asserts that no arguable grounds for appeal exist, we determine independently whether arguable grounds exist by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex.

2

App.—Houston [1st Dist.] Dec. 23, 2010, no pet.); *see In re K.D.*, 127 S.W.3d at 67; *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *See id.* Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.*

On the other hand, if our independent review of the record leads us to conclude that the appeal is frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See id.*

We have reviewed the record and, having found no reversible error, we affirm the trial court's judgment but deny counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *In re A.M.*, No. 01-16-00130-CV, 2016 WL 4055030, at *6 (Tex. App.—Houston [1st Dist.] July 28, 2016, no. pet.). Counsel's duty to her client extends through the exhaustion or waiver of "all appeals." TEX. FAM. CODE ANN. § 107.016(2)(B) (West 2014). If the father chooses to pursue an appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

3

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Bland.