**Motion Denied and Order filed April 2, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00988-CV

_____

## IN THE INTEREST OF R.P.V., A CHILD

---

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2017-04151J**

---

## ORDER

Appellant M.M.D. (Mother) is represented by court-appointed counsel on appeal, Elizabeth M. Bruman. On December 6, 2018, Bruman filed a brief stating the appeal in this cause is frivolous, under the authority of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). *See In re D.E.S.*, 135 S.W.3d 326, 329–30 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying *Anders* procedures to a parental termination case). On December 7, 2018, Bruman filed a motion to withdraw as appellate counsel based on her *Anders* brief.

The right to counsel under Family Code section 107.013(a)(1) through the exhaustion of appeals under Family Code section 107.016(2)(B) encompasses all proceedings in the Supreme Court of Texas, including the filing of a petition for

review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions. *Id.* Mere dissatisfaction of counsel or client with each other is not good cause. *Id.* Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision. *Id.* Counsel's obligation to the client still may be satisfied by filing an appellate brief meeting the standards set in *Anders v. California* and its progeny. *See Anders*, 386 U.S. 738, 87 S. Ct. 1396; *P.M.*, 520 S.W.3d at 28.

Bruman's motion to withdraw in this court, in the absence of additional grounds for withdrawal, may be premature. *P.M.*, 520 S.W.3d at 27. If Bruman has concluded there are no non-frivolous points to urge in a petition for review in the Supreme Court of Texas, she should file in that court a petition for review that satisfies the standards for an *Anders* brief. *See id.* ("In this Court, appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief").

A petition for review must be filed within 45 days after the following: (1) the date the court of appeals rendered judgment, if no motion for rehearing or en banc reconsideration is timely filed; or (2) the date of the court of appeals' last ruling on all timely filed motions for rehearing or en banc reconsideration. Tex. R. App. P. 53.7(a). The supreme court may extend the time to file a petition for review if a party files a motion complying with Texas Rule of Appellate Procedure 10.5(b) no later than 15 days after the last day for filing the petition. Tex. R. App. P. 53.7(f).

Because the only grounds counsel has identified for withdrawal do not constitute good cause, we DENY Bruman's motion to withdraw.

PER CURIAM

Panel Consists of Justices Wise, Zimmerer, and Spain.