**AFFIRMED and Opinion Filed August 1, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00644-CV

### IN THE MATTER OF T.M., A JUVENILE

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-17-00477-X**

# OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Bridges

T.M., a juvenile, appeals the trial court's order modifying disposition with the Texas Youth Commission (TYC) commitment for a period of one year. Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, asserting the appeal is without merit and there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm the trial court's judgment.

Counsel for appellant has filed an *Anders* brief in which he concludes that, after a thorough review of the record, appellant's appeal of the order modifying disposition with TYC is frivolous and without merit. *See Anders*, 386 U.S. at 744; *In re D.E.S.*, 135 S.W.3d 326, 327 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Counsel has certified that he delivered a copy of the brief to appellant's parent and has informed appellant's parent of her right to examine the appellate record and to file

a response. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Appellant's parent has not filed a pro se response.

A court of appeals is not required to address the merits of claims raised in an *Anders* brief or a pro se response. *See id.* (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)). Rather, this Court's duty is to determine whether there are any arguable grounds and, if so, to remand the case to the trial court so new counsel may be appointed to address the issues. *See id.*

We have independently reviewed the entire record and counsel's *Anders* brief. We agree with counsel's assessment that the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal. Accordingly, we affirm the trial court's order modifying disposition with TYC commitment for a period of one year. *See id.*

Appellant's appointed counsel has filed a motion to withdraw according to the procedures set forth in *Anders*. These procedures are applicable to an appeal from a trial court's order in a juvenile case when, as here, appellant's appointed counsel concludes there are no non-frivolous issues to assert on appeal. *In re D.A.S.*, 973 S.W.2d 296, 297–99 (Tex. 1998). This Court has not previously addressed the issue whether, in a juvenile case, appointed counsel should be permitted to withdraw after filing an *Anders* brief. In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court emphasized that courts have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client and, if a court of appeals allows an attorney to withdraw, it must provide for the appointment of new counsel to pursue a petition for review. *Id.* Texas courts have held this continued right to counsel applies equally in juvenile appeals. *See, e.g., In re C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *2 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.); *In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.); *In re A.C.*,

No. 01-15-00932-CV, 2016 WL 1658777, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.) (mem. op.); *but see In re J.L.C.*, No. 10-18-00061-CV, 2018 WL 3763736, at *1 (Tex. App.—Waco Aug. 8, 2018, no pet.) (declining to extend Texas Supreme Court's decision in *In re P.M.* to *Anders* appeals in juvenile cases). We agree with the majority of courts of appeals that have addressed this issue, and we conclude counsel's obligations to appellant have not yet been discharged. If appellant, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27–28. Thus, we deny counsel's motion to withdraw.

We affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


180644F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF T.M., A JUVENILE

No. 05-18-00644-CV

On Appeal from the 305th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JD-17-00477-X.
Opinion delivered by Justice Bridges.
Justices Brown and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this August 1, 2019

.