Opinion issued August 29, 2019



In The

# Court of Appeals

For The

# First District of Texas

——————————————

## NO. 01-19-00193-CV

——————————————

## IN THE INTEREST OF S. T. AND T. T., CHILDREN

On Appeal from the 315th District Court
Harris County, Texas
Trial Court Case No. 2017-04577J-A

## MEMORANDUM OPINION

This is an appeal from the trial court's final decree for termination in a suit brought by the Department of Family and Protective Services (DFPS) to terminate the parent-child relationship between L.N.T. and two of her children, S.T. and T.T. In its decree, the trial court terminated L.N.T.'s parental rights and appointed DFPS as sole managing conservator of the children. L.N.T. filed a notice of appeal,

and the trial court appointed separate counsel on her behalf to prosecute this appeal. L.N.T.'s court-appointed appellate counsel has moved to withdraw and filed an *Anders* brief, stating that, in her professional opinion, this appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a parental-rights termination suit. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Counsel has certified that she has delivered a copy of the *Anders* brief to L.N.T. and informed her of her right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). L.N.T. has not filed a response, and DFPS has waived its right to respond.

The brief submitted by L.N.T.'s appointed appellate counsel states her professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.* at 744; *In re Schulman*, 252 S.W.3d at 406–07.

When we receive an *Anders* brief from an appointed attorney who asserts that no arguable grounds for appeal exist, we independently determine whether

arguable grounds exist by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). If our independent review of the record leads us to conclude that the appeal is frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See Johnson*, 2010 WL 5186806, at *2.

We have independently reviewed the record and conclude that there are no arguable grounds for review, that no reversible error exists, and therefore L.N.T.'s appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Accordingly, we affirm the trial court's termination decree.

However, we deny counsel's motion to withdraw because this is a parental termination case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding that *Anders* brief in parental termination case is not "good cause" sufficient, alone, to justify counsel's withdrawal); *In re A.M.*, 495 S.W.3d at 582 & n.2. A counsel's duties to her clients extend through the exhaustion or waiver of "all appeals." *In re*

3

*A.M.*, 495 S.W.3d at 583 (citing TEX. FAM. CODE § 107.016). If L.N.T. chooses to pursue a petition for review to the Supreme Court of Texas, her "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27–28.

## Conclusion

We affirm.


Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.