**Opinion issued February 25, 2020**



In The

# Court of Appeals

### For The

## First District of Texas

_____

### NO. 01-19-00692-CV

_____

### IN THE INTEREST OF H.M., A CHILD

---

### On Appeal from the 306th District Court
### Galveston County, Texas
### Trial Court Case No. 18-CP-0127

---

### MEMORANDUM OPINION

This is an appeal from the trial court's final decree of termination in a suit brought by the Department of Family and Protective Services (DFPS) to terminate the parent-child relationship between N.M. (father) and S.G. (mother) and their child, H.M. In its decree, the trial court terminated both parents' parental rights and appointed DFPS as sole managing conservator of the child. N.M. and S.G. filed

notices of appeal, and the trial court appointed each party an attorney to prosecute each party's appeal. Both court-appointed appellate attorneys moved to withdraw and filed *Anders* briefs, stating that, in each attorney's professional opinion, their client's appeal is without merit and there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a parental-rights termination suit. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Appellate counsel for each parent has certified that they have delivered a copy of the *Anders* brief to their client and informed their client of their right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Neither parent has filed a response, and DFPS has waived its right to respond.

The brief submitted by N.M.'s appointed appellate counsel states her professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *In re Schulman*, 252 S.W.3d at 406–07.

The brief submitted by S.G.'s appointed appellate counsel states her professional opinion that no arguable grounds for reversal exist and that any appeal

2

would therefore lack merit. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *In re Schulman*, 252 S.W.3d at 406–07.

When we receive an *Anders* brief from an appointed attorney who asserts that no arguable grounds for appeal exist, we independently determine whether arguable grounds exist by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). If our independent review of the record leads us to conclude that the appeal is frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See Johnson*, 2010 WL 5186806, at *2.

We independently reviewed the record and have concluded there are no arguable grounds for review, no reversible error exists, and N.M.'s appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *see also In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston

[1st Dist.] 2016, pet. denied). Accordingly, we affirm the trial court's termination decree as to N.M.

We have independently reviewed the record and have conclude there are no arguable grounds for review, no reversible error exists, and S.G.'s appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *see In re A.M.*, 495 S.W.3d at 582. Accordingly, we affirm the trial court's termination decree as to S.G.

However, we deny both counsel's motions to withdraw because this is a parental termination case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding that *Anders* brief in parental termination case is not alone "good cause" sufficient to justify counsel's withdrawal); *In re A.M.*, 495 S.W.3d at 582–83. A counsel's duties to her clients extend through the exhaustion or waiver of "all appeals." *In re A.M.*, 495 S.W.3d at 583 (citing TEX. FAM. CODE § 107.016). If either N.M. or S.G. chooses to pursue a petition for review to the Supreme Court of Texas, that party's "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27–28.

## Conclusion

We affirm.

Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.