**Motion to withdraw denied and Order filed March 10, 2022.**



In The

# Fourteenth Court of Appeals
————————

### NO. 14-21-00538-CV
———————————

## IN THE INTEREST OF C.U.D., S.L.D., A/K/A S.D., J.P.J.D., K.K.J.D., A.E.D., II, CHILDREN

**On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2018-37155**

## ORDER

Appellant A.E.D., the father of minors who are the subject of this appeal, is represented by court-appointed counsel on appeal, W. Leslie Shireman. On December 13, 2021, appellant's appointed counsel filed a brief stating the appeal is frivolous, under the authority of *Anders v. California*, 386 U.S. 738 (1967). *See In re D.E.S.*, 135 S.W.3d 326, 329–30 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying *Anders* procedures to a parental termination case). On the same day, counsel filed a motion to withdraw as appellate counsel based on his *Anders* brief.

The Supreme Court of Texas has concluded that the right to counsel under Family Code § 107.013(a)(1) through the exhaustion of appeals under Family Code § 107.016(2)(B) encompasses all proceedings in the Supreme Court of Texas, including the filing of a petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions. *Id*. Mere dissatisfaction of counsel or client with each other is not good cause. *Id*. Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision. *Id*. Counsel's obligation to the client still may be satisfied by filing an appellate brief meeting the standards set in *Anders v. California* and its progeny. *See Anders*, 386 U.S. at 744; *In re P.M.*, 520 S.W.3d at 28. However, counsel's motion to withdraw in this court, in the absence of additional grounds for withdrawal, may be premature. *In re P.M.*, 520 S.W.3d at 27. If counsel for appellant has concluded there are no non-frivolous points to urge in a petition for review in the Supreme Court of Texas, then counsel may elect to file in that court a petition for review that satisfies the standards for an *Anders* brief. *See id*. (stating that "[i]n this Court, appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief").

Because the only grounds counsel has identified for withdrawal do not constitute good cause, we deny counsel's motion to withdraw.

PER CURIAM

Panel Consists of Justices Wise, Jewell, and Poissant.