**Affirmed and Memorandum Opinion filed May 12, 2022.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-21-00738-CV

## T.Z.M., Appellant

## V.

## DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-01794J**

## MEMORANDUM OPINION

Appellant T.Z.M. appeals a final order signed November 15, 2021, terminating her parental rights to the child who is the subject of this suit.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978). The *Anders* procedures apply to an appeal from the termination of parental rights when an appointed attorney concludes there are no nonfrivolous issues to assert on

appeal. *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

On April 13, 2022, appellant was notified of the right to file a pro se response to the *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *In re D.E.S.*, 135 S.W.3d at 329–30. No pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is frivolous and without merit.[1] Further, we find no reversible error in the record.

---

[1] We note our disagreement with the argument of appellant's counsel that no nonfrivolous grounds exist on which to challenge the trial court's finding under Family Code section 161.001(b)(1)(M), which provides for a predicate ground for termination of parental rights when it is proven by clear and convincing evidence that a parent "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." Tex. Fam. Code Ann. § 161.001(b)(1)(M). While counsel argues there is no nonfrivolous ground on which to challenge that finding, a review of the record shows that subsection M was not pleaded as a ground for termination, and an objection to the lack of pleading was raised at trial. This presents a nonfrivolous ground on which to challenge the subsection M finding. *See Vasquez v. Texas Dep't of Prot. & Reg. Servs.*, 190 S.W.3d 189, 194 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[A] parental-rights-termination order can be upheld only on grounds both pleaded by [DFPS] and found by the trial court."). We conclude, however, that there are no nonfrivolous grounds on which to challenge the trial court's other predicate findings under subsections E and O. Tex. Fam. Code Ann. § 161.001(b)(1)(E), (O). Accordingly, counsel's error does not necessitate additional briefing to comply with the requirements of *Anders*, because only one predicate finding under section 161.001(b)(1) is necessary to support a final order of termination when there is also a finding, as here, that termination is in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1).

As to the endangerment finding under subsection E, while we are aware that the supreme court requires analysis of such grounds for due-process reasons, that court has not determined whether the same level of written analysis is required in *Anders* cases, and our court has previously declined to specifically analyze findings under subsections D, E, and M in *Anders* opinions. *See In re J.P.*, No. 14-21-00272-CV, 2021 WL 4164782, at *1 n.1 (Tex. App.—Houston [14th Dist.] Sept. 14, 2021, pet. denied) (mem. op.) (collecting cases and citing *In re E.K.*, 608 S.W.3d 815, 815–16 (Tex. 2020) (Green, J., concurring in denial of petition for review) (discussing *In re N.G.*, 577 S.W.3d 230 (Tex. 2019)). We observe that, under the particular facts of this case, it appears no denial of due process results, given that uncontested

Accordingly, the final order of termination is affirmed.


PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

---

evidence was presented at trial that appellant's parental rights had been terminated on endangerment grounds in a separate case, which was later affirmed by this court. *See In re J.Z.S.*, No. 14-19-00755-CV, 2020 WL 836994, at *6–8 (Tex. App.—Houston [14th Dist.] Feb. 20, 2020, pet. denied) (mem. op.). Accordingly, regardless of our disposition of the E ground in this case, appellant will be subject to future termination of parental rights on the basis of previous endangerment findings. *Cf. N.G.*, 577 S.W.3d at 234 (discussing collateral consequences of endangerment findings under subsections D and E and interplay with subsection M).