**Motion to withdraw denied and Order filed May 12, 2022.**



In The

# Fourteenth Court of Appeals

—————

**NO. 14-21-00738-CV**

—————

**T.Z.M., Appellant**

**V.**

**DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee**

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-01794J**

---

## ORDER

Appellant T.Z.M. is represented by court-appointed counsel on appeal, Michael F. Craig. On February 14, 2022, appellant's appointed counsel filed a brief stating the appeal is frivolous, under the authority of *Anders v. California*, 386 U.S. 738 (1967). *See In re D.E.S.*, 135 S.W.3d 326, 329–30 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying *Anders* procedures to a parental termination case). On the same day, counsel filed a motion to withdraw as appellate counsel based on his *Anders* brief.

The Supreme Court of Texas has concluded that the right to counsel under Family Code section 107.013(a)(1) through the exhaustion of appeals under Family Code section 107.016(2)(B) encompasses all proceedings in the Supreme Court of Texas, including the filing of a petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Once appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and

conditions. *Id.* Mere dissatisfaction of counsel or client with each other is not good cause. *Id.* Nor is counsel's belief that the client has no grounds to seek further review from the court of appeals' decision. *Id.* Counsel's obligation to the client still may be satisfied by filing an appellate brief meeting the standards set in *Anders v. California* and its progeny. *See Anders*, 386 U.S. at 744; *In re P.M.*, 520 S.W.3d at 28. However, counsel's motion to withdraw in this court, in the absence of additional grounds for withdrawal, may be premature. *In re P.M.*, 520 S.W.3d at 27. If counsel for appellant has concluded there are no non-frivolous points to urge in a petition for review in the Supreme Court of Texas, counsel should file in that court a petition for review that satisfies the standards for an *Anders* brief. *See id.* (stating that "[i]n this Court, appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief").

In addition, counsel's motion to withdraw does not comply with Texas Rules of Appellate Procedure 6.5 and 10,1(a)(5). *See* Tex. R. App. P. 6.5 (specifying contents of motion to withdraw), 10.1(a)(5) (requiring certificate of conference).

A petition for review must be filed with the Supreme Court clerk within 45 days after the following: (1) the date the court of appeals rendered judgment, if no motion for rehearing or en banc reconsideration is timely filed; or (2) the date of the court of appeals' last ruling on all timely filed motions for rehearing or en banc reconsideration. Tex. R. App. P. 53.7(a). The Supreme Court of Texas may extend the time to file a petition for review if a party files a motion complying with Texas Rule of Appellate Procedure 10.5(b) no later than 15 days after the last day for filing the petition. Tex. R. App. P. 53.7(f).

Because (1) the motion does not comply with Rules 6.5(a) and 10.1(a)(5) and (2) the only grounds counsel has identified for withdrawal do not constitute good cause, we deny counsel's motion to withdraw.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Bourliot and Spain.