**Opinion issued August 2, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00087-CV

———————————

## IN THE INTEREST OF J.M.C. AND J.C., CHILDREN

---

**On Appeal from the 300th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 102596-F**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's final decree of termination in a suit brought by the Department of Family and Protective Services to terminate the parent-child relationship between the mother, C.M.C., and her children, J.M.C. and J.C. In its decree, the trial court terminated C.M.C.'s parental rights and appointed J.M.C.'s grandmother as the permanent managing conservator of J.M.C. and DFPS

as J.C.'s permanent managing conservator. C.M.C. filed a notice of appeal, and the trial court appointed her an attorney to pursue the appeal. C.M.C.'s attorney has filed an *Anders* brief, stating that her client's appeal is without merit and there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the termination decree, but we deny the motion to withdraw due to counsel's continuing obligation to represent the mother during any further appellate review. TEX. FAM. CODE § 107.016(2)(B).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a parental rights termination suit. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). C.M.C. has not filed a response, and DFPS has waived its right to respond.

The brief submitted by C.M.C.'s appellate counsel states her professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *In re H.M.*, No. 01-19-00692-CV, 2020 WL 894454 (Tex. App.—Houston [1st Dist.] Feb. 25, 2020, no pet.) (mem. op.).

When we receive an *Anders* brief from an appointed attorney who asserts that no arguable grounds for appeal exist, we independently determine whether arguable

grounds exist by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.); *see In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.). If our independent review of the record leads us to conclude that the appeal is frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See Johnson*, 2010 WL 5186806, at *2. We may issue an opinion explaining why the appeal lacks merit, but we are not required to do so. *In re R.R.W.*, No. 01-21-00343-CV, 2021 WL 5933790, at *2 (Tex. App.—Houston [1st Dist.] Dec. 16, 2021, pet. denied) (mem. op.) (per curiam) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)). The parent may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Supreme Court of Texas. *Johnson*, 2010 WL 5186806, at *2.

We independently reviewed the record and have concluded there are no arguable grounds for review, no reversible error exists, and C.M.C.'s appeal is without merit. *See Anders*, 386 U.S. at 744; *see also In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

We note that C.M.C.'s appointed appellate counsel maintains her duty to her client through the exhaustion or waiver of "all appeals." TEX. FAM. CODE §

107.016(2)(B). If C.M.C. desires an appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).

Accordingly, we affirm the trial court's termination decree as to C.M.C. and deny counsel's motion to withdraw.

Sarah Beth Landau
Justice

Panel consists of Justices Landau, Guerra, and Farris.

4